UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

                Plaintiff,

                                CRIMINAL CASE NO. 05-50014

v.

FATE LEANO NELSON,                HONORABLE PAUL V. GADOLA
                                               U.S. DISTRICT COURT
                Defendant.
_____/

## ORDER

Before the Court is a claim for compensation with attached vouchers by Defendant's attorney, Paul D. Muller. The grand total of all services and expenses by Mr. Muller for his representation of Defendant Fate Leano Nelson is $11,682.31. In a letter to the Court, Mr. Muller expressly waived his compensation in excess of the $7,000.00 statutory maximum, requesting only $7,000.00 in attorney fees, plus $933.71 in reimbursable expenses, for a total of $7,933.71. For the reasons stated below, the Court will order a reduced award of compensation and reimbursement totaling $4,933.71, as the Court finds that this is a fair amount for Mr. Muller's services.

Mr. Muller's appointment as a Criminal Justice Attorney is governed by 18 U.S.C. § 3006A. Pursuant to 18 U.S.C. § 3006A(d)(5), the Court is required to "fix the compensation and reimbursement to be paid to the attorney" given a properly supported claim. 18 U.S.C. § 3006A(d)(5); *see United States v. Davis*, 953 F.2d 1482, 1498 (10th Cir. 1992). In this case, the Court considers the sum of $7,000.00 to be excessive and unnecessary to provide fair compensation to Mr. Muller.

The Court notes that "[c]ompensation for attorneys under the Criminal Justice Act is intended to prevent economic hardship and ease counsel's financial burden in these cases, not to eliminate that burden entirely." *United States v. Ellzey*, 29 F. Supp. 2d 505, 507 (C.D. Ill. 1998) (citation omitted). The compensation "has never been intended to mirror private sector rates or to result in an annuity for the bar." *Id.* (citation omitted). Other courts have noted the "inherent obligation [of the courts] to safeguard the limited funds, supplied by American taxpayers, which are available for attorney reimbursement under the [Criminal Justice Act]. The Court also expects counsel, when accepting their appointments, to recognize their time honored public service obligations as Officers of the Court." *United States v. Smith*, 76 F. Supp. 2d 767, 773 (S.D. Tex. 1999).

Mr. Muller represented Defendant as a Criminal Justice Attorney from March 17, 2005 until March 14, 2006. Under Mr. Muller's representation, Defendant entered into a Rule 11 Plea Agreement. This case did not proceed to trial, nor did Mr. Muller file motions of any kind or objections to the Presentence Investigation Report. Furthermore, the legal issues present in this case were neither complex nor substantially time-consuming. In this case, Mr. Muller has apparently billed for all hours expended on the case, including more than 41 hours of travel and more than 41 hours of interviews and conferences. While such billing practices might be appropriate in private practice, it is not the compensation contemplated by Congress in 18 U.S.C. § 3006A(d)(3). *See Ellzey*, 29 F. Supp. at 507. After a thorough examination of Mr. Muller's logged hours and a review of the record in this case, the Court concludes that Mr. Muller's requested compensation of $7,000.00 is not an appropriate amount for representing Defendant in a case which is neither

complex nor substantially time-consuming. Instead, the Court concludes that $4,000.00 is a fair amount to compensate Mr. Muller for his service.

**ACCORDINGLY, IT IS HEREBY ORDERED** that compensation in an amount totaling $4,000.00, plus $933.71 in reimbursable expenses, for Paul D. Muller is **APPROVED**. The amount of $7,000.00 requested is **DENIED**.

**SO ORDERED**.

Dated:   April 19, 2006             s/Paul V. Gadola
                                    HONORABLE PAUL V. GADOLA
                                    UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 19, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
            Mark C. Jones; Paul D. Muller                            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                          .

                                    s/Ruth A. Brissaud
                                    Ruth A. Brissaud, Case Manager
                                    (810) 341-7845

3